## MELISSA COSGROVE V. THE STATE.

*No. 1100. Decided March 3rd, 1897.*

**1. Conviction for Fornication Upon Indictment for Adultery.**

It is well settled, that under an indictment for adultery, with proper allegations, a conviction can be had, under proper evidence, for fornication. It is a question of allegation and not whether the one offense includes the other. In such a case all the elements of fornication must be charged to support the conviction.

**2. Same—Fornication—Indictment.**

An indictment for fornication is fatally defective if it fails to allege, that both the parties to the offense were unmarried. And, so, where a conviction is had for fornication, under an indictment for adultery, the indictment having alleged, that the man had a living wife, which the proof shows was not true, would not warrant conviction for fornication there being no allegation denying that he was unmarried.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for fornication; penalty, a fine of $50.

The indictment was for adultery "with Ben Tucker, a man, the said Ben Tucker then and there being lawfully married to another person then

living." The proof failed to show that Ben was or ever had been married, and, under a charge of the court, submitting the issue of fornication, appellant was found guilty of fornication. Upon the trial the State failed to prove, but the contrary was shown that Tucker was not a married man and had never been married.

The court refused the request of the defendant to instruct to acquit her, but in lieu thereof instructed that if the two lived together and had intercourse, and the proof showed both to be unmarried, then to find her guilty under the first count of fornication, and not guilty of offense charged in the first count; and if the proof showed both non-marriage and habitual carnal intercourse, to convict under the second count of fornication.

*Stillwell H. Russell*, for appellant.—If either of two person while married to another live together and have carnal intercourse, they are guilty of adultery.

If they have habitual carnal intercourse without living together, they are guilty of the same offense. If both are unmarried; offense is fornication.

If an indictment contains only one count alleging only one of the modes for committing such an offense, and upon trial the proof failed to show the offense as alleged, but showed the mode under the statute not alleged, could a conviction be had? Certainly not; at least we think not. Why not? Simply because, while both modes are the means of committing such an offense, yet the proof showing the mode not alleged, to the exclusion of the one alleged, a prosecution fails, as the pleader has confined himself to allegations that are only necessary in the mode not proven. Each mode charged in the statute requires descriptive allegations, and to be met with proof supporting them, before the conviction can be had.

Now, if the first mode is alleged, but the proof showed a commission of the second, and a conviction could not be had by reason of the variance of the proof and allegation, then how can it be urged in the face of the allegation of marriage that a conviction can be had for an offense different in name and differing in material allegation, to-wit: fornication? To properly allege either mode under Article 333, as is said above, there are essential descriptive allegations, yet one of the descriptive allegations for this offense, to-wit: marriage of one of the parties is alike, when either mode is relied upon; and to this extent, at least, there is a direct similarity between the two modes defined in Article 333; but there is no similarity in the legal status of a married and unmarried person in defining the two offenses.

The allegation of marriage is primarily essential in the commission of an offense under Article 333—it is a legal prerequisite—a condition precedent shown by allegation first, and then by proof, no matter how otherwise correct may be the allegations and proof of the two modes named in that article.

If there is a living together and intercourse, or habitual intercourse without living together, and one of the parties is married, it is ipso facto adultery; and essentially so, because of the marriage. And if marriage is alleged, it being an essential descriptive element, the offense is by name adultery, and none other.

An allegation of marriage is that which separates the two offenses, viz., those named in Article 333, and that named in Article 337. It is the allegation "married or unmarried" which denominates the offense. The failure to prove the essential allegation of marriage, or when non-marriage is shown, annuls the presentment, and such failure cannot be vitalized and made into the allegation that both parties was unmarried, as is requisite in a presentment for fornication.

That which is required to be affirmatively alleged cannot be disregarded, nor can proof of an opposite condition to the one alleged, be made to supply an essential allegation required to meet the opposite condition.

Before we further discuss the error complained of, we desire to review the opinion in Kelley v. State, 32 Tex. Crim. Rep., 579, which holds that it is not error to charge Article 337, when one is indicted for the offense named in Article 333.

It is with no small degree of diffidence and embarrassment that we are led to brief this case at all, upon the points raised, because of the opinion in the Kelley case. It was used by the prosecution in the trial of the case, and alone formed the basis of the court's action in giving the charge complained of, and while we are embarrassed in opposing an opinion of this court, having faith in the tenableness of our position, we owe it to our own convictions, and to the interest of our client, to urge it in our own way.

Substantially the question propounded and answered as affirmative in the opinion in the Kelley case is this: "If, under an indictment for adultery the State fails to prove marriage, could legal conviction for fornication be had?" The reason given in the opinion is, and that is made the test, because, "in an indictment for adultery every element of the offense of fornication is charged."

The opinion further says it does not follow that the accused upon a charge of fornication can be convicted of adultery, and one of the reasons assigned is, "the marriage is not alleged."

Let us try to answer these two propositions in their order. We respectfully submit and contend that the essential element in an indictment for adultery, viz., a marriage, is the opposite of the element in this regard, in an indictment for fornication; in other words, an allegation of marriage precludes even the idea that the other offense is charged. Why? In an indictment for fornication it must be alleged that both of the parties are unmarried, and the State must prove that both are unmarried. To make out the case, the State should have shown that the parties, in the language of the statute, "were both unmarried." Wells case, 9 Tex. Crim. App., 160; that which is essential to be proven is essen-

tial to be alleged. In the Kelley case it is stated that every element of fornication is charged in an indictment for adultery. The reasoning is that if every element is charged it becomes the test whether you can convict for the subordinate offense (and only subordinate because the punishment is lighter) under indictment charging adultery. To make out adultery, as we have heretofore stated, a marriage is a descriptive element of the offense, and it must be alleged; and if essential and material to be alleged in an indictment for the offense sought to be charged, by what reasoning, upon a failure to prove such a material allegation can it be rejected as surplusage and by intendment a material allegation that both parties were unmarried is supplied? Is it because the proof develops a condition not applicable to the offense charged, but applicable to the one that is developed? If this is not the reason, then what is it? To sustain such a position would be to abrogate the rule of "allegata and probata."

If you say, or it is said that the allegation that one of the parties is married to some other person then living can be rejected as surplusage, and in such case there can be engrafted by intendment the allegation, "both being unmarried," then we grant that under Article 333 a conviction can be had for the offense defined in Article 337.

One of the reasons shown in the opinion in the Kelley case why a conviction for adultery could not be had upon an indictment for the offense of fornication is because "the marriage is not alleged." Yet the opinion permits a conviction for fornication under an indictment for adultery, if "a marriage is alleged"; when the statute in so many words says that there must not only not be a marriage alleged, but there must be an allegation that both were unmarried. So, we insist that if a marriage is not alleged, prevents a conviction for adultery of a person indicted for fornication; we think the reasoning is just as safe and as legally sound, insisting that if a marriage is alleged, it absolutely inhibits a conviction for fornication, it being an offense that cannot be committed when either of the parties are married.

Again, we respectfully submit that in deciding the Kelley case, where the party was not only indicted for adultery, but convicted for adultery, the action of the trial court in instructing on the offense of fornication also, did not bring the question before this court as it is brought in this record, and the conclusions reached in the opinion of the Kelley case were not necessary to a disposition of that case, as it would have been had conviction followed the instruction.

The decisions of this court make it just as incumbent upon the State to prove a marriage under Article 333, as it does to prove and allege that both were unmarried, under Article 337, before a conviction can be had. It seems to us that if a marriage, or non-marriage is an essential allegation, it must be proven as alleged, if upon this depends the character of the offense committed. If the status of one or both of the parties does not determine, eo nomine, the offense, what does?

Art. 714, Code Crim. Proc., gives the following offenses, that "in-

clude different degrees," and among them mentions adultery—which includes fornication—so it does theft, which includes swindling, embezzlement and other unlawful acquisitions of property, punishable by the Penal Code. Huntsman v. State, 12 Tex. Crim. App., 619; Code Crim. Proc., Art. 421; Powell v. State, 12 Tex. Crim. App., 239; Williams v. State, 14 Texas, 132; Brown v. State, 26 Tex. Crim. App., 544; White v. State, 3 Tex. Crim. App., 607; Parker v. State, 9 Tex. Crim. App., 352; Askey v. State, 15 Tex. Crim. App., 560; Kerry v. State, 17 Tex. Crim. App., 179.

The statute makes it necessary in describing fornication to allege that "both of the persons are unmarried." Therefore an indictment, even though it allege all of the other elements defining such offense, but fails to allege that "both were unmarried," would not charge fornication, and yet this is the exact case before this court.

To convict for fornication in this case the adultery feature must be abandoned. Omitting the allegation of marriage, how stands the indictment? Mr. Bishop (Statutory Crimes, Sec. 692), says: "Unless there is some peculiarity in the statute the indictment for fornication differs from that for adultery, simply in omitting to charge a marriage"; yet he says, "An indictment for fornication, it has been held, though it need not aver a marriage, as is required in adultery, must allege that the parties were not married to each other; because, without this allegation, no offense appears."

In the case at bar the proof destroys the allegation of marriage and sets up a status of non-marriage. It is, as we contend, "no offense appears," as the indictment is left stripped of essential allegation.

Unless there is some peculiarity in the statute, the two differ only in one essential, the allegation of marriage, etc. The peculiarity of our statute is, that one requires an allegation of marriage, and the other an affirmative allegation that "both are unmarried."

Again, under our statute we say that a conviction for fornication is not legal under indictment charging simply adultery, and upon the same principle that we would urge that you could not charge both of these offenses in one count. If you could not by direct allegation put the offense in Article 337 along with Article 333, so as to allege a marriage on the one hand and an affirmative allegation on the other, that "both were unmarried," and in this way catch the other by a failure in the proof, then how can it be urged that in a charge of adultery alone you have the offense of fornication also, provided you fail to prove a marriage? If a marriage was not alleged in an indictment for adultery (if the opinion in the Kelley case holds good), you could convict anyhow for fornication, because it would depend merely what the proof would be as to marriage. Citing, 2 Whart., Crim. Law, §§ 2651 and 2665; Bishop, Stat. Crimes, § 690.

*Nat P. Jackson* and *Mann Trice*, Assistant Attorney-General, for the State.—Upon the proposition that a conviction for fornication can be

legally had upon an indictment charging adultery, the State's case could be rested upon the decision of this court in the Kelley case, 32 Tex. Crim. Rep., 579. But the brief filed for the appellant is such an earnest, ingenious, though withal specious, and skillful presentation of argument against it as to challenge further consideration.

In substance the position of the appellant is, that the offenses of adultery and fornication are such distinct offenses, of such distinctive elements, that neither can be charged so as to embrace also all of the constituent elements of the other and preserve in a prosecution the uniformity of the rule that the probata and the allegata must correspond.

It is urged that to charge adultery the indictment must allege the existing marriage to a third party of one of the impleaded parties; and that to authorize conviction, the proof must establish such existing marriage. Granted.

, That to charge directly the offense of fornication, the indictment must in terms allege that both of the parties are unmarried, proof of which allegation is essential to conviction. Granted.

In short, prosecuting for adultery under Art. 333 of the Penal Code, the State must charge by indictment the marriage of at least one of the parties, and prove the marriage as charged. Prosecuting for fornication under Art. 337 of the Penal Code, the State must allege that neither party is married and prove the allegation. Thus far the State and the appellant concur.

What acts constitute adultery?

The living together and carnal intercourse with each other; or habitual carnal intercourse with each other, without living together, of a man and woman when either is lawfully married to some other person.

What acts constitute fornication?

The living together and carnal intercourse with each other; or habitual carnal intercourse with each other, without living together, of a man and woman, both being unmarried.

Carnal intercourse in one of the two methods is, therefore, the common constituent of the two offenses.

Each of the articles prohibit, under penalties, the carnal intercourse between a man and woman. If one of the parties be married to some other person, the carnal acts constitute adultery; and the marriage is the difference between the offense denounced by the two statutes.

Prosecuting under Article 333, for adultery, the State proves that a man and a woman have lived together having carnal intercourse. It has proved acts prohibited by the statute against adultery, and those prohibited by the statute against fornication, but, failing to prove the existing marriage of one of the parties it has fallen short of proving the acts of carnal intercourse adulterous. Then, failing to show adultery, by reason of failing to show the marriage, it has shown acts of fornication, which acts are necessarily embraced in an indictment for adultery. An indictment for adultery must necessarily embrace the acts that will

constitute fornication, and go further and charge the independent element, i. e., marriage, which makes the acts more than fornication—adultery. Marriage is an essential element of adultery, and is not of fornication. This rule, as stated in the syllabus of the Kelley case, supra, is that, "On a trial under an indictment for adultery, if. the carnal intercourse proved by the evidence would be sufficient to establish adultery, in connection with a further proof of marriage, it would also be amply sufficient to prove and sustain a conviction for fornication when a marriage is not proved."

The appellant's contention is that conviction for fornication can only be had upon allegation and affirmative proof that neither of the impleaded parties was married, and that such proof, to sustain fornication, cannot be made under an indictment charging the marriage of one, and therefore adultery.

Art. 713, Code Crim. Proc., provides, that "where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree (naming it), but guilty of any degree inferior to that charged in the indictment or information."

Art. 714, Code Crim. Proc.: "The following offenses include different degrees:   *   *   *   '9. Adultery, which includes fornication.'"

Under these statutes it is unnecessary to discuss the question of the concurrence of the allegata and probata. It might be admitted that under an indictment for fornication it is necessary to allege and prove non-marriage of either party. Yet it is statutory that in offenses of different degrees conviction for the lesser may be had under indictment for the greater. It is statutory that adultery is an offense which includes different degrees. It is statutory that the offense of adultery includes fornication.

In his contention to evade the force of these articles of the Code of Criminal Procedure, declaring adultery to be an offense of degrees, and to include fornication, the counsel for appellant insists, in effect, that the offenses are so far substantive offenses as to be repugnant the one to the other—that is, that an indictment cannot charge one by alleging the constituents of the other, and attempts to meet the force of the last articles cited, by arguing that "Article 714   *   *   *   has not application in these cases," and intends to permit and to so classify the offenses as to say which ones shall be embraced in separate counts in the same indictment, and not be liable to the charge of repugnancy.

If, as contended, adultery and fornication are repugnant offenses, then an indictment charging them in different counts would be bad for repugnancy. If a statute can cure repugnancy in an indictment under certain conditions, it can as readily, under other conditions, dispense with a qualifying ingredient of an offense far enough to make it an inferior degree of another offense, or an offense included in another offense. And that is what the 9th subdivision of Art. 714, Code Crim. Proc., has done.

In his amended brief, appellant's counsel urges with great force and plausibility that the rule stated in the Kelley case is subversive of the doctrine consistently held in that line of decisions of this court, and the Supreme Court, represented by the cases of Williams, 14 Texas, 132; Kennedy, 9 Tex. Crim. App., 403; Huntsman, 12 Tex. Crim. App., 626, et seq.; Powell, 12 Tex. Crim. App., 238; Prophet, 12 Tex. Crim. App., 233; Askey, 15 Tex. Crim. App., 560; White, 3 Tex. Crim. App., 607; Kerry, 17 Tex. Crim. App., 185; Brown, 26 Tex. Crim. App., 544; Wells, 9 Tex. Crim. App., 160. The question is submitted, however, as controlled by Art. 714, Code. Crim. Proc.

Charge that "A single act of intercourse will not be sufficient to warrant a conviction is not only law, but, if under any circumstances it could be error, it would be error in favor of appellant."

The judgment should be affirmed.

HURT, PRESIDING JUDGE.—Appellant was charged with adultery, and convicted of fornication. Counsel for appellant contends that a conviction for fornication cannot be had under an indictment for adultery, and especially under this indictment. It is well settled in criminal procedure at common law, in other States and in this State, that under an indictment for adultery, with the proper allegations, a conviction can be had, under proper evidence, for fornication. The question is not whether one offense includes another. It is a question of allegation. The legislature cannot, by enacting that a certain offense includes another offense, relieve the State of the necessity of inserting in the indictment every allegation necessary to make a good indictment for the offense of which the accused has been convicted. In other words, all of the elements of the offense must be charged, to support the conviction. Tested by these well-settled rules, after eliminating the allegation in this indictment, to-wit: "Ben Tucker being then and there lawfully married to another person then living," does the remainder contain all of the necessary elements of fornication? Without this allegation, the charging part of the indictment would read as follows: "That Melissa Cosgrove did unlawfully live together and have carnal intercourse with Ben Tucker, a man; and the grand jurors aforesaid, on their oaths aforesaid, do further say and present in said court that in Ellis County, on January 1, 1895, Melissa Cosgrove, a woman, did unlawfully have habitual carnal intercourse with Ben Tucker, a man, against the peace and dignity of the State." "Fornication" is defined as follows: "Fornication is the living together and carnal intercourse with each other, or habitual intercourse with each other without living together, of a man and woman, both being unmarried." An indictment for this offense, omitting to allege "both being unmarried," would be fatally defective. Why? Because the parties may have been man and wife, but if they were both unmarried they certainly could not be. The allegation in this indictment that Ben Tucker had a living wife sufficiently

negatives the fact that he was the husband of the appellant, but, being untrue, it leaves the indictment without this fact being denied anywhere therein. The judgment is reversed, and the cause ordered dismissed.

*Reversed and Ordered Dismissed.*