## Esteban Peña v. The State.

### No. 2729. Decided May 4, 1904.

**Adultery—Information—Charge of Court.**

Under an information for adultery defendant could not be convicted of fornication.

Appeal from the County Court of Gonzales. Tried below before Hon. W. W. Glass.

Appeal from a conviction of fornification; penalty, a fine of $60.

The information charged defendant with adultery. The court instructed the jury to acquit him of that offense and to proceed and determine from the evidence whether he was guilty of fornication and then defined that offense, etc. The State proved by several witnesses that for the last three or four months previous to the charge, one Rosa Sanches lived with defendant; that they lived as man and wife and that they had intercourse with each other and slept together as man and wife, defendant furnishing provisions for the house and the woman doing the washing; that they were not married to each other.

Rosa Sanches testified that she was married ten years previous to the alleged offense to another man, and that her husband was then living; her testimony as to her marriage was not corroborated.

*W. B. Green,* for appellant.—Thompson v. State, 9 Texas Crim. App., 160.

*Howard Martin,* Assistant Attorney-General, for the State.—Rosa was an accomplice. On the issue of as to whether she was a married woman there was no testimony corroborating her. And as it was necessary to corroborate her upon this issue the court did not err in failing to submit the law of adultery, as a conviction could not have been sustained for adultery on her uncorroborated testimony. The evidence is amply sufficient to sustain the conviction for fornication. The accomplice is corroborated sufficiently on the essential elements of this offense.

The indictment charges him with adultery. Appellant insists that as the indictment charges adultery he could not be convicted of fornication thereunder. This identical question has been decided adversely to his contention in Kelley v. State, 32 Texas Crim. Rep., 579.

BROOKS, Judge.—Appellant was convicted of fornication, and his punishment assessed at a fine of $60. The indictment charged appellant with adultery. He insists that inasmuch as he was charged with adultery, he could not be convicted of fornication. In this contention he is correct. See Crosgrove v. State, 39 S. W. Rep., 367. Upon the authority of that case the judgment is reversed and the cause remanded.

*Reversed and remanded.*