# TYLER TERM, 1907.

### BERT GARLAND v. THE STATE.

No. 3819.   Decided October 16, 1907.

**1.—Adultery—Indictment—Several Counts—Fornication.**

An indictment which charges fornication in the first count and adultery in the second count is authorized by the practice in this State. Approving Cosgrove v. State, 37 Texas Crim. Rep., 249.

**2.—Same—Evidence—Lawful Marriage—Variance.**

Where the indictment alleged that the defendant was lawfully married to Mollie Garland and the evidence showed that he was married to one M. M. Allen, but did not show that this was one and the same person as charged in the indictment, the variance between the allegation and the proof was fatal.

**3.—Same—Charge of Court—Weight of Evidence.**

A charge of the court that the jury could consider the evidence of a certain witness as tending to establish an adulterous disposition on the part of the defendant was on the weight of the evidence.

**4.—Same—Marriage—Allegation—Charge of Court.**

Where the indictment charged that the defendant was married to one Mollie Garland, a charge of the court that if the defendant was at the time of the adulterous intercourse married to some other person to find the defendant guilty, did not support the allegation in the indictment that he was married to a certain person.

**5.—Same—Accomplice—Paramour—Practice.**

Upon trial for adultery where the paramour of defendant, being placed on the witness stand by the State, claimed the privilege of an accomplice and refused to testify whereupon she was excused as a witness, such practice was prejudicial to the defendant and improper.

Appeal from the County Court of Henderson. Tried below before Hon. J. R. Blades.

Appeal from a conviction of adultery; penalty, a fine of $200.

The opinion states the case.

*Miller & Royall* and *W. R. Bishop,* for appellant.—On question of proof of marriage: Willis v. State, 24 Texas Crim. App., 400, 6 S. W. Rep., 200; Perry v. State, 4 Texas Crim. App., 566; Cassady v. State, 4 Texas Crim. App., 96.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of adultery and his punishment assessed at a fine of $200.

The indictment in this case contains two counts, the first for fornication, and the second for adultery. This is authorized by the practice in this State. See Cosgrove v. State, 37 Texas Crim. Rep., 249.

The first ground of the motion complains that the evidence is insufficient to support the verdict, since same fails to show that at the time of the alleged commission of the offense of adultery, for which appellant was convicted, as stated, that appellant was lawfully married to Mollie Garland as alleged in the indictment. The only evidence in this record that we discover shows that appellant was married to one M. M. Allen, but it does not show that M. M. Allen was Mollie Allen and subsequently Mrs. Mollie Garland, as charged in the indictment. This should have been done. We cannot presume that M. M. Allen is Mrs. Mollie Garland as alleged. Hence, as appellant insists, there is a fatal variance between the allegation and proof.

Appellant objects to the following charge of the court: "You are further instructed that you will consider the evidence of the witness Jim Morrow only as tending to establish an adulterous disposition on the part of the defendant." We will say, in view of the fact that this case has to be reversed, that this character of charge is a charge on the weight of evidence, and should not be given.

Appellant complains of the following charge of the court: "If you believe from the evidence, beyond a reasonable doubt, that the defendant did in the County of Henderson and State of Texas, at any time within two years next before the filing of the indictment herein, live together and have carnal intercourse with one Kate Chilton and if you further believe from the evidence that defendant was at the time lawfully married to some other person, then you will find the defendant guilty." Appellant objects to this charge because the same authorizes the jury to find the defendant guilty even though they might not believe that he was at the time married to Mollie Garland as alleged in the indictment. This criticism is correct. The indictment charged that he (appellant) was married to Mollie Garland and the facts should support this charge in the indictment, and the charge should tell the jury it

was necessary to prove it since it was necessary to allege it. To make a case of adultery the evidence should show marriage at the time of the adultery prosecution. See Webb v. State, 24 Texas Crim. App., 164.

We note in the record an exception to the effect that the State placed the paramour of appellant on the stand and she claimed the privilege of being an accomplice to the crime. See Merritt v. State, 10 Texas Crim. App., 402. The paramour being an accomplice, the State should not attempt to place her on the stand unless she proposes to turn State's evidence; then it would be the duty of the court, after she should testify, to charge the law of an accomplice, but it is certainly prejudicial to appellant to place his paramour upon the stand and ring from her a refusal to testify, and have the jury use this refusal as a circumstance of guilt against appellant. We would suggest upon another trial that this be not done.

For the errors suggested, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.