WILLIE RICE v. THE STATE.

No. 15145.   Delivered May 11, 1932.
State's Rehearing Denied June 15, 1932.
Reported in 51 S. W. (2d) 364.

The opinion states the case.

*Early & Johnson,* of Brownwood, and *Baker & Baker,* of Coleman, for appellant.

*C. L. South,* District Attorney, of Coleman, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is conspiracy to rob; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment that appellant, Charlie Rice, Joe Rice, Chick McKay, H. E. Bell and Ollice Woods, acting together, unlawfully conspired, combined, confederated and entered into a positive agreement with each other to commit the offense of robbery. We have not undertaken to set out the indictment, but merely call attention to the nature of the offense charged therein.

At 7:30 o'clock in the morning of January 6, 1930, Mr. Roberts, cashier of the Lohn State Bank, went to the bank preparatory to opening same for the day's business. As soon as he unlocked the front door and entered he was confronted by a man with a drawn pistol, who required him to unlock the vault and deliver to him approximately $1,400 of the bank's money. The money consisted of bills of different denomination, and silver,—mostly nickels, dimes, quarters and half dollars. No silver dollars were taken. The robber was accompanied by another man. Mr. Roberts could not identify this other man. Leaving in a Ford car, the robber and his companion left town. Several hours later officers went to a vacant house in Coleman county which was several miles away from the scene of the robbery. This house had been occupied by Joe Rice, appellant's brother. Approaching the vacant house, the officers saw five men flee therefrom. A gun battle ensued in which Ollice Woods was killed. He was identified by Mr. Roberts as the person who perpetrated the actual robbery. The officers found some currency in the vacant house. Peculiar clips that Mr. Roberts had placed on the currency enabled him to identify it as being the bank's money. A witness for the state testified that he saw appellant shortly after the gun battle and that he had in his hand what appeared to a four pound lard bucket. Later the officers went to the place appellant had been seen and found a lard bucket filled with silver coins,—nickels, dimes, quarters and half dollars. The circumstances were sufficient to show that appellant was one of the men who fled from the house at the time the officers approached. There was no testimony to the effect that appellant was present at the time the robbery was perpetrated. On the contrary, a witness for the state positively placed appellant at another and different place at the time of the actual robbery. Testifying in his own behalf, appellant denied any connection with the offense. Appellant had no control over the vacant house, but lived at another and different place. The Ford automobile

used by the robber did not belong to appellant, but belonged to appellant's brother. Appellant had no interest in it. Other than the circumstances that appellant fled from the vacant house and that he had in his hand a can which was later found to contain money, and that he had been associated with his brothers and Woods prior to the robbery, we find nothing in the testimony tending to show that appellant was connected with the commission of the offense.

Article 1622, P. C., defines a conspiracy as an agreement entered into between two or more persons to commit a felony. Article 1624, P. C., provides: "Before a conviction can be had for the offense of conspiracy, it must appear that there was a positive agreement to commit a felony. It will not be sufficient that such agreement was contemplated by the parties charged."

The substantative offense of conspiracy to commit a felony being complete when the contract or conspiracy is entered into, it is an independent offense for which the parties can be prosecuted and punished.

The state's attorney before this court expresses the view that the evidence is insufficient. The opinion is expressed that, taking the testimony in its strongest light for the state, it does not show a positive agreement as required by the statute, to commit the offense of robbery. See King v. State, 86 Texas Crim. Rep., 407, 216 S. W., 1091. The state relied upon circumstantial evidence. A conviction on circumstantial evidence can not be sustained unless the circumstances proven exclude every other reasonable hypothesis except that of the guilt of the accused. Proof which only amounts to strong suspicion or mere probability is not sufficient to support a conviction. Branch's Annotated Penal Code, sec. 1877; Hernandez v. State (Texas Crim. App.), 72 S. W., 840.

The state called those jointly indicted with appellant to the witness stand, notwithstanding the court had been advised that they would refuse to testify because they were indicted for the same offense. In advising the court of such matter, appellant's counsel requested the court to admonish the district attorney not to place the witnesses on the stand. This request was denied, and, over appellant's objection, the district attorney was permitted to call the witnesses and have them, in the presence of the jury, decline to testify. This matter constitutes error. In McClure v. State, 95 Texas Crim. Rep., 53, 251 S. W., 1099, in discussing a similar question, Judge Lattimore used language as follows: "If the state's purpose in putting this witness on the stand was to compel or invite his refusal to testify, in order to use this as an incriminating fact against appellant, the state was guilty of an injustice."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been exam-

ined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We are in complete accord with the state's contention that a conspiracy to commit a crime may be established by circumstantial evidence. Underhill's Crim. Ev. (3rd Ed.), sec. 717; 12 Corpus Juris, p. 632; Smith v. State, 21 Texas App., 107, 17 S. W., 552. A re-examination of the facts in the present record, however, has failed to convince us that the state has done so under the rule required in such character of evidence. We commend the earnest district attorney, Mr. C. L. South, who so ably presented the motion for rehearing for the state. It is commendable in him to present to this court his views and authority upon which he thinks judgments obtained by him may be sustained. Such action is appreciated as being of great assistance to our able state's attorney, Mr. Lloyd W. Davidson, whose duties are arduous, and whose untiring energy has greatly facilitated the work of the court.

The state's motion for rehearing is overruled.

*Overruled.*