A. B. CARLISLE V. THE STATE.

No. 20898. Delivered March 6, 1940.

The opinion states the case.

*R. G. Allen,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is forgery; the punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant was charged by indictment with forging a certificate of the County Clerk of Montgomery County to a purported deed of conveyance of real estate. The indictment contains several counts. Appellant was convicted under the first count which set forth the alleged forged certificate in haec verba with the exception that a circle was drawn with the word "Seal" therein, instead of actually impressing the alleged forged seal on the indictment. Appellant takes the position that the introduction of the certificate which carried the purported seal of the County Court of Montgomery County, was at variance with the allegations in the indictment, which showed the seal by a circle with the word "seal" written therein. We do not regard this as a variance. The State was not required to charge in the indictment more than that the cer-

tificate bore a seal and when it did so a sufficient predicate was laid for the introduction of the seal actually used. It was not required to go into detail and particularly describe the seal, although the testimony offered in support of the allegation might have more particularly described the seal than the indictment. This, of course, would not constitute a variance. We overrule his contention in this respect.

Appellant also complains because the court overruled his plea in the nature of a plea in abatement to the prosecution. He contends that the court should have sustained his plea and dismissed the prosecution, because the district attorney promised appellant immunity if he did testify for the State on the trial of a co-defendant. We do not believe the court committed any error in this respect, inasmuch as it does not appear that the district attorney, with the approval of the court, agreed to dismiss the prosecution. The authorities in this State hold that the agreement of the trial judge to such a proceeding is necessary. See Turney v. State, 51 S. W., 243; Hardin v. State, 12 Tex. Cr. App., 189; Cameron v. State, 32 Tex. Cr. R. 180, 25 S. W., 288; Bowden v. State, 1 Tex. Cr. App. 144. However, in some instances the statutes give immunity when one defendant testifies against a co-defendant, without any agreement to that effect by the officers in authority.

Appellant's next contention is that the court erred in permitting the State, over his objection, to offer in evidence the testimony given by him on the trial of a co-defendant, by which he incriminated himself and furnished evidence which is the basis of this prosecution. He contends that the district attorney and the sheriff prevailed upon him to testify against his co-defendant by a promise that if he did so and did not claim his constitutional right not to give testimony (which might incriminate himself) on the trial of his co-defendant, they would not use any of such testimony as evidence against him. That in pursuance of said agreement he took the witness stand in behalf of the State against his co-defendant and gave testimony which also incriminated himself. When the evidence given by appellant on the trial of his co-defendant was sought to be used against him on his trial, he objected thereto. This objection was overruled and the State was permitted to offer it in evidence. Appellant then sought to introduce evidence concerning the agreement with the officers, but the court declined to permit him to offer such testimony. In our opinion the learned trial court fell into error. If the State, through its district attorney, entered into such an agreement as contended for by appellant, then the State, in justice and fairness,

should respect such agreement. If a conviction cannot be obtained by abiding by the agreement, the State would not be in any worse position than if the defendant had stood on his constitutional rights and had declined to testify on the ground that he might incriminate himself. To permit the State to disregard any such agreement, if in fact it was made, would give it an advantage to the prejudice of the defendant.

This was not a promise of immunity which could be enforced by appellant unless it had been sanctioned by the trial court, but if true it was an agreement not to use testimony against him which he gave upon the trial of a co-defendant and which also incriminated himself. It might be that in some instances it would be tantamount to immunity because the State might not, without the use of his testimony, be able to make a complete case, but in many instances such testimony might be sufficient as independent evidence to sustain a conviction. We think that the court should have permitted appellant to introduce the proferred testimony relative to the agreement and if controverted by the State, then by appropriate instructions to have advised the jury that if they believed such an agreement was made between the State and the defendant, then to disregard the testimony reproduced by the State against the defendant on his trial. See Wells v. State, 115 S. W. (2d), 558. While the claimed agreement, if established, was not legally sufficient upon which to base a claim for immunity, yet it was sufficient to bind the State not to use his testimony against him.

Appellant also complains because the court failed and refused to instruct the jury relative to the law on insanity at the time of trial, as well as at the time of the commission of the offense. The testimony raising this issue is very meagre and appellant's testimony, as appears from the record was intelligently given. Consequently, the court may have concluded that the evidence was not sufficient to require an instruction on present insanity. However, upon another trial, if the evidence, although meagre, is sufficient to raise the issue, it should be submitted to the jury for their consideration.

For the error hereinabove discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.