## P. R. LACKEY V. THE STATE.

No. 23204. Delivered October 31, 1945.
Rehearing Denied (Without Written Opinion) November 21, 1945.

The opinion states the case.

*Leonard Brown,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

A jury assessed a penalty of twenty-five dollars on the verdict finding appellant guilty of cruelly beating an animal.

The evidence is sufficient to sustain the conviction. However, it was hotly contested by the appellant, and among the witnesses produced by him was Mrs. Allie Baker, who testified that at the time of the alleged offense she was an investigator for the Animal Defense League of San Antonio, and, as such, was directed to make an investigation of this case. She testified in behalf of the appellant to the condition in which she found the animal involved, stating that she found only a few slight bruises. The result of her testimony was to deny the important part of the State's case. At the conclusion of the evidence the private prosecutor, "in open court and in the presence of the jury stated that Miss Morgan had been present in the court room during the entire trial and that he knew that the rule had been invoked and she was not a competent witness, but he wanted to offer her as a witness to impeach Mrs. Baker." Objection was duly made to this statement and the court was requested to instruct the jury not to consider it. The court overruled the objection and a proper bill brings the matter before this court. The State's Attorney concedes that the statement was improper, but submits the matter as to whether or not it was error sufficient to warrant a reversal of the case.

The bill is considered in the light of the foregoing statement of circumstances under which it was taken, and we are of the opinion that the error requires a reversal of the judgment. The conclusion is reached after a lengthy investigation of the authorities and, we believe, upon an unbroken line of decisions with the exception of a few in which there was a dissenting opinion.

In Short v. State, 187 S. W. 955, the majority of the court affirmed the case carrying this question. Judge Davidson dissented. In the majority opinion it was conceded that the general rule is sound, upon which reliance is had in this appeal. From the opinion we quote: "Appellant relies on the recent case of Bullington v. State, 180 S. W. 681, and we would again emphasize that no question should be propounded which the prosecutors know to be inadmissible, for if it is done, and the circumstances are such that the person on trial may have been injured thereby, the case should be and will be reversed." This case was differentiated from others by the majority opinion.

The rule is stated in an opinion by Judge Hawkins, Brown v. State, 269 S. W. 1051, in which it is said: "If it was sought to get before the jury the contents of the written statement without introducing it in evidence, same was improper, and should be avoided upon another trial." A further discussion of the question, in that opinion, amplifies the rule and is consistent with our conclusion in this case.

In Bullington v. State, 180 S. W. 679, the district attorney sought to examine the witness regarding a crime for which he was charged after the court held it was too remote to be admissible. The court held his conduct improper, observing that prosecuting attorneys are officers of the state, whose duty it is to see that justice is done, and they should never attempt to get before the jury evidence they know to be inadmissible.

In prosecution for murder, it was held improper for the district attorney to call the wife of the accused as a witness in the presence and hearing of the jury, and force the party on trial to make an objection to her testimony. Carter v. State, 183 S. W. 881; see also Lynn v. State, 21 S. W. (2d) 1042. It has been held error for the State to call jointly indicted defendants, knowing that defendant would object to the testimony, he having so advised the court. Rice v. State, 51 S. W. (2d) 364; Stafford v. State, 67 S. W. (2d) 285.

Conceding that circumstances may alter the rule, as is contended, nevertheless it appears that the purpose of the special prosecutor in the instant case was to state to the jury that he had a witness who could, and would if permitted, impeach Mrs. Baker. This amounted to an assertion before the jury of pertinent testimony in the case which was material, and evidently considered important. It was, in effect, hearsay evidence by the special prosecutor. He said he wanted to offer her to impeach Mrs. Baker and the meaning of that statement cannot be misunderstood. The effect of it before the jury is not a subject of speculation. It is true that they assessed a small fine but we are unable to say that they would, in the absence of such statement, have found him guilty.

The judgment of the trial court is reversed and the cause is remanded.