JOSEPH E. JOHNSON V. STATE.

No. 26,034. November 12, 1952.

*Allen, Crampton, Johnson & Purcell,* Wichita Falls, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of marihuana; the punishment, 5 years in the penitentiary.

Appellant and his 3 companions, suspected of having marihuana, were stopped by officers as they returned to Wichita Falls from Ft. Worth. Some marihuana cigarettes were found in the car in which they were riding. The car, a Mercury convertible, was owned and driven by appellant. Other marihuana cigarettes were recovered from a waste basket at the jail where one of the co-defendants was seen to throw them.

Appellant was alone on trial. His court-appointed counsel also represented Carlton Orr, another occupant of the car and a co-defendant.

During the trial the district attorney called Orr as a witness for the state. Appellant's counsel requested that the jury be withdrawn, whereupon Orr, in the absence of the jury, informed the court and the district attorney that he would claim his constitutional privilege and refuse to testify as to questions concerning the offense for fear his answers might incriminate him.

Over the objection of appellant, Orr was questioned by the district attorney as a state's witness in the presence of the jury and was required to claim his privilege before the jury. Appellant then moved the court to declare a mistrial, which motion was overruled.

8

The action of the court, in permitting the state to call a co-defendant to the stand and require him to claim his privilege against self-incrimination after being informed that the witness would decline to answer if so called, has been held to constitute reversible error.

The fact that the defendant and the witness are represented by the same attorneys merely magnifies the injury to the accused.

In Rice v. State, 123 Tex. Cr. R. 326, 59 S.W. 2d 119 we said:

"By proper bill of exception it is shown that H. E. Bell, who was jointly indicted with the appellant on trial, was called to the witness stand, notwithstanding the court had been advised that he would refuse to testify because he was indicted for the same offense. Both the district attorney and the court were advised that the same attorneys representing the appellant also represented his codefendant, H. E. Bell, and the court was requested to admonish the district attorney not to place the witness on the stand. The request was denied and over appellant's objection the district attorney was permitted to call the said H. E. Bell as a witness and have him decline to testify all in the presence of the jury. This should not have been allowed and constitutes error, as it could be offered for no other purpose under the circumstances than to compel or invite the said Bell, who was then under indictment for the same offense, to refuse to testify in order to use this as an incriminating fact against the appellant."

See also Rice v. State, 121 Tex. Cr. R. 68, 61 S.W. 2d 364; Lackey v. State, 148 Tex. Cr. R. 623, 190 S.W. 2d 364.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.