HARRY L. WASHBURN V. STATE

No. 28,338. October 3, 1956.
State's Motion for Rehearing Overruled
February 27, 1957.
State's Second Motion for Rehearing Overruled
(Without Written Opinion) March 27, 1957.

*C. S. (Shuford) Farmer,* Waco, *Cliff Tupper,* and *Clyde Vinson,* San Angelo, for appellant.

*Tom Moore,* District Attorney, Waco, *Aubrey D. Stokes,* District Attorney, San Angelo, *Runge, Hardeman, Smith & Foy,* Special Prosecutors, San Angelo, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder; the punishment, life imprisonment.

In view of our disposition of the case a statement of the facts is not deemed necessary.

Appellant contends that the trial court erred in permitting the state to call Andrew H. Nelson, a co-defendant, to the witness stand in the presence of the jury and require him to claim his privilege against self-incrimination and refuse to testify. He also insists that error was again committed in allowing the state to propound questions to said witness in the presence of the jury which pointed to his connection with the appellant in the commission of the offense here charged.

The state takes the position that no error is shown on the

ground that the witness, Andrew H. Nelson, had been granted immunity.

The state's contention in this respect cannot be sustained because the record shows only an offer of immunity by the prosecuting attorney. It fails to show the approval of the trial court. Proof of this additional fact is essential in order to establish immunity. Art. 577, Vernon's Ann. C.C.P.; 12 Texas Jur. p. 314, Sec. 66; p. 668, Sec. 323; Ex parte Muncy, 72 Texas Cr. Rep. 541, 163 S.W. 29; Carlisle v. State, 138 Texas Cr. Rep. 530, 137 S.W. 2d 782; 13 A.L.R. 2d 1439.

At the beginning of the trial Woodie Zachry, an attorney, informed the trial judge that he represented Andrew H. Nelson, that he had been summoned as a witness for the state, and that he had advised him not to testify. When Andrew H. Nelson was called as a witness Mr. Zachry stated to the court that Nelson was a co-indictee in the case and he objected to him testifying on the ground that it might incriminate him. In response to Mr. Zachry's statement the prosecuting attorney said that the state was prepared to offer Andrew H. Nelson immunity from any prosecution involving the transaction in this case, but the record fails to show that the trial court consented to or approved this offer.

When the examination of Andrew H. Nelson as a witness began, he stated his name and then said, "I refuse to answer any questions." In answer to the next question he stated that he refused to answer on the ground that it might tend to incriminate him.

Following the witness Nelson's plea of self-incrimination and the state's offer of immunity the state sought to further interrogate him. Appellant objected to the state asking him any questions in the presence of the jury *on the ground that it was by innuendo placing matters in the record that it could not show by him directly,* which was overruled. Appellant requested the court to retire the jury in order to determine the nature of the questions which the state sought to propound to him and such request was refused. The questions then propounded in the presence of the jury pointed to and inquired about the witness Nelson's association and participation with the appellant in making plans and preparations to kill the deceased's husband. Among such questions he was asked about the purchase of dynamite while accompanied by the appellant, their testing of it by exploding a portion of it by the use of electric wires at-

tached to an automobile, and as to electric wire picked up at the scene of the test as well as photographs showing damage to trees as a result of the test. None of the questions were answered by the witness Nelson. Such questioning covered twenty-one pages of the statement of facts and was in detail as to names, dates and places. By these fact-laden questions the state was permitted to plant in the jury's mind full details as to how they claimed this crime was committed, and yet the only substantive evidence which they were producing was the answer of the witness that he refused to answer on the ground that his answers might tend to incriminate him, which of course was no evidence at all.

At the conclusion of the state's interrogation of the witness Nelson the court at the request of the appellant instructed the jury not to consider any of said questions for any purpose. Appellant then moved for a mistrial on the ground that the injury to him could not be removed by the court's instruction, which motion was denied. The state then offered evidence over appellant's objection which corroborated and supported the facts and circumstances embraced in a number of the questions propounded to the witness Nelson.

Testimony was offered that Andrew H. Nelson was then under indictment as an accomplice to the murder of Mrs. Helen Harris Weaver, the victim of the homicide in this case.

The trial court committed error in permitting the state to call the witness Nelson, a co-defendant, to the stand and require him to claim his privilege against self-incrimination and refuse to testify in the presence of the jury. Such refusal to testify was prejudicial because it could be used as an incriminating fact against the appellant.

18 Texas Jur. 238, Sec. 142, reads as follows:

"Unless the witness has agreed to turn state's evidence, the prosecution ought not to place him on the stand; to do so and wring from him a refusal to testify, affording to the jury an opportunity to consider the refusal as a circumstance of guilt, has been said to be 'certainly prejudicial.' "

In Rice v. State, 123 Texas Cr. Rep. 326, 59 S.W. 2d 119, 121, we said:

"By a proper bill of exception it is shown that H. E. Bell,

who was jointly indicted with the appellant on trial, was called to the witness stand, notwithstanding the court had been advised that he would refuse to testify because he was indicted for the same offense. Both the district attorney and the court were advised that the same attorneys representing the appellant also represented his codefendant, H. E. Bell, and the court was requested to admonish the district attorney not to place the witness on the stand. The request was denied, and over appellant's objection the district attorney was permitted to call the said H. E. Bell as a witness and have him decline to testify, all in the presence of the jury. This should not have been allowed and constitutes error, as it could be offered for no other purpose under the circumstances than to compel or invite the said Bell, who was then under indictment for the same offense, to refuse to testify in order to use this as an incriminating fact against the appellant. This direct question was passed upon in the case of McClure v. State, 95 Texas Cr. Rep. 53, 251 S.W. 1099, 1102, and as said by Judge Lattimore in said opinion:

" 'Every man has a constitutional right to decline to give testimony which would incriminate him, and it is held that, if he declines to testify, no inference of guilt may be drawn from his refusal to answer. Owen v. State, 7 Texas App. 334. Certainly, if no inference of guilt can be indulged against the man who declines to testify, none could be drawn as to the guilt of a codefendant. Appellant should not in any way be held accountable for the refusal of McComber to give testimony. If the state's purpose in putting this witness on the stand was to compel or invite his refusal to testify, in order to use this as an incriminating fact against appellant, the state was guilty of an injustice.' "

See, also, Garland v. State, 51 Texas Cr. Rep. 643, 104 S.W. 898; Messenger v. State, 81 Texas Cr. Rep. 465, 198 S.W. 330; Rice v. State, 121 Texas Cr. Rep. 68, 51 S.W. 2d 364; Lackey v. State, 148 Texas Cr. Rep. 623, 190 S.W. 2d 364; Johnson v. State, 158 Texas Cr. Rep. 6, 252 S.W. 2d 462.

Further, the nature of the matters embodied in the questions propounded to the witness Nelson conveyed to the jury in the nature of testimony the information and knowledge apparently possessed by him of the killing. These questions together with the state's testimony which corroborated and supported the matters embraced in a number of them emphasized and aggravates the witness Nelson's refusal to testify before

the jury. Although the state claims that the witness Nelson was properly called to testify, yet at no time did it move the court to direct or compel him to answer any of the questions. The first question propounded which the witness declined to answer authorized such motion. The other questions complained of added nothing but more prejudices against the appellant. The court's withdrawal of the questions from the consideration of the jury could not have been effective when the testimony corroborating and supporting the matters embodied in a number of them was later, over appellant's objection, admitted in evidence.

The complaints as to the indictment herein have been given careful study and are, as we see them, without merit.

Other contentions presented by the appellant will not be discussed as they will not likely arise on another trial.

For the errors pointed out the judgment is reversed and the cause is remanded.

Opinion approved by the Court.

WOODLEY, J., not participating.

ON STATE'S MOTION FOR REHEARING

DAVIDSON, Judge.

The contentions urged in the motion for rehearing by the state have given us much concern.

The state stresses that this record does not affirmatively show that the witness Nelson was a co-indictee with appellant in this case and therefore was not in position to claim self-incrimination. In that connection it is urged that the proof relied upon to show that Nelson was a co-indictee was only a statement by counsel in his objection to the questions propounded by state's counsel to the witness.

As to this matter, note is taken of the fact that the wife of the witness Nelson testified as follows:

("Q. You are the wife of Andrew H. Nelson?) A. I am.

("Q. And he stands charged by indictment in San Angelo

as being accomplice to murder in the murder of Mrs. Helen Harris Weaver?) A. That's right."

It is insisted that this testimony amounts to only an expression of an opinion and conclusion by the witness. The correctness of the state's contention in this respect need not be determined, for we have concluded that the questions propounded by the state to the witness Nelson all strongly tended to show that Nelson was, in fact, criminally connected with the murder accusation.

Taken in connection with the testimony of the wife, these questions were sufficient to warrant the unchallenged conclusion that the witness Nelson was a co-indictee with the appellant.

As was pointed out in the original opinion, after it was made clear that the witness Nelson refused to testify as a witness upon the grounds of self-incrimination state's counsel continued his interrogation of the witness and thereby, in much detail by the questions propounded, got before the jury the inference not only that Nelson was an accomplice but that appellant was guilty with him in the commission of the offense charged.

The questions so propounded effectually suggested that not only was Nelson guilty but also that appellant was guilty of participation in the murder of the deceased.

When the showing was properly made that Nelson could not be compelled to testify as a witness in the case because of his claim of self-incrimination, the state—under the authorities cited in our original opinion—should not have endeavored, by further questioning of the witness, to get before the jury facts, circumstances, or conditions which it could not prove by the witness, himself.

The fact that the trial court, after the questions had been propounded and the injury done, withdrew the questions from the jury's consideration tends strongly to indicate that the questioning of the witness was wrong in the first instance.

To hold that the conduct of the state in propounding the questions to the witness Nelson was not error would require that we overrule the cases holding to the contrary.

We are constrained to conclude that a correct conclusion was reached originally.

The state's motion for rehearing is overruled.

(WOODLEY, Judge, not participating.)