Joe L. FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42939.

Court of Criminal Appeals of Texas.

July 8, 1970.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, and Shelly P. Hancock, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life.

The record reflects that Alyce Morgan owned and had possession of a construction company office in Spring Valley, and that her building was entered without her consent and that a typewriter, two adding machines, a lawn mower and a grille from an air-conditioner were stolen.

James E. Walker of the Spring Valley Police Department testified that he was patrolling in an area where new homes were being constructed when he saw appellant driving an automobile without headlights within fifty feet of the office building and arrested him at approximately eleven-thirty p. m. Officer Walker then saw a lawn mower wedged between the front and back seats. As they started toward the police station, he saw that a screen had been removed and a window opened in the office building. He had driven by the building at eleven o'clock, and at that time the screen was not off and the window was not open. At the police station the typewriter, the adding machines and the air-conditioner grille that were taken from the building were found in the trunk of the car. The officers found two beige colored screws that fit those missing from the air-conditioner in appellant's pocket.

[1] Appellant testified that the car in which the adding machines, lawn mower and other items were found was his. He also testified that he was with Frank Johnson at the scene of the burglary but was drunk and asleep and that the screws (which fit the air-conditioner) were in his pocket because he had taken the car key from Johnson's pocket and the screws were with the key. The jury chose not to believe appellant's testimony. The jury is authorized to accept or reject any or all of the testimony of any witness. Preston v. State, Tex.Cr.App., 457 S.W.2d 279; 24 Tex.Jur.2d. Sec. 725, p. 395.

In Younger and Lewis v. State, Tex.Cr. App., 457 S.W.2d 67, this Court cited 4 Branch's Ann.P.C.2d, Sec. 2537, p. 866, where it is stated that if the State proves a burglary was committed by someone and that the defendant was found in possession of property recently stolen from the burglarized house, the judgment of conviction will be sustained on appeal if there are facts and circumstances in evidence which justify the jury in disbelieving defendant's explanation of such possession, if any be made.

■ The evidence is sufficient to support the conviction, and the second ground of error contending that it is insufficient is overruled.

■ In the first ground of error, complaint is made that the court erred in submitting the case on circumstantial evidence. It is contended that the State should have called Frank Johnson who was with appellant at the time of the arrest as a witness. The record shows that Johnson was also indicted for the offense.

Appellant apparently relies upon the rule set out in 24 Tex.Jur.2d, Sec. 745, p. 427, which is as follows:

"Where circumstantial evidence relied on by the prosecution is obviously weak, and where the record on appeal affirmatively shows not only that other testimony which would have cast additional light on the facts was available to the prosecution, but also that the prosecution did not introduce such other evidence or satisfactorily account for its failure to do so, the appellate court will treat the case as one showing reasonable doubt of

the sufficiency of the evidence to support the conviction."

This is not a case of weak circumstantial evidence, but even if it were, the fact that Johnson was a co-indictee is sufficient to account for the State's failure to call him to the stand.[1]

No error is shown; the first ground of error is overruled.

 Complaint is made in the third ground of error because appellant's fingerprints were taken during the trial at the request of the prosecutor and used at the penalty stage of the trial in identifying him as the person previously convicted as alleged. In Branch v. State, Tex.Cr.App., 445 S.W.2d 756, this Court passed upon the same contention and held that the accused's Fifth Amendment right against self-incrimination was not violated. The third ground of error is overruled.

 In the fourth ground of error, it is contended that the court erred in instructing the jury that it must be "satisfied" from the evidence beyond a reasonable doubt that the entry, if any, was made with intent to commit theft. Appellant objected to the charge and requested that the word "convinced" be used instead of "satisfied." In the appellate brief, he contends that the court should have used the word "belief."

The charge as given was sufficient to require the jury to find from the evidence beyond a reasonable doubt that entry was made with intent to commit theft before it could convict.

No error is shown. The fourth ground of error is overruled.

The judgment is affirmed.

---

1. In many cases the calling of a co-indictee to the stand would cause preju dicial error. In Vargas v. State, Tex. Cr.App., 442 S.W.2d 686, this Court quoted from Washburn v. State, 164 Tex. Cr.R. 448, 299 S.W.2d 706, as follows: "Unless the witness has agreed to turn state's evidence, the prosecution ought not to place him on the stand; to do so and wring from him a refusal to testify, affording to the jury an opportunity to consider the refusal as a circumstance of guilt, has been said to be 'certainly prejudicial.'" Under Article 36.10, Vernon's Ann.C.C.P., the appellant could have called him as a witness in his behalf.