

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 28, 1972

Honorable Robert S. Calvert          Opinion No. M-1269
Comptroller of Public Accounts
State Finance Building               Re:  May an elected official
Austin, Texas   78711                     who is eligible for re-
                                          tirement under the Em-
                                          ployees Retirement System
                                          of Texas cease performing
                                          the functions of his office
                                          prior to qualification of
                                          his successor in office,
                                          in view of Art. XVI, Sec.
Dear Mr. Calvert:                         17, Texas Constitution?

        In your recent opinion request you presented the follow-
ing information and questions:

        "In view of your holdings in your Opinion M-627
    with regard to District Judges, I am asking the
    following questions:

        "1.  If a District Attorney or any other elected
    official, each of whom are eligible for service re-
    tirement [under the Texas Employees Retirement System]
    and each of whom makes application to retire on a
    date of his choosing, which date meets the retire-
    ment laws, does this fix the date the office is
    vacated and the date he is eligible to execute re-
    tirement options and the date he is to be removed
    from the payroll to be placed on the following day
    on the retirement payroll, even if no successor has
    qualified?

        "2.  In your Opinion M-760, you have held that
    officers may abandon their offices under certain con-
    ditions.  If a District Attorney or any other elected
    official, including members of the Legislature, sub-
    mits a letter to the Governor reading similar to the
    following:

        "'I, John Doe, duly elected or appointed Dis-
    trict Attorney of the _____ Judicial District, being

-6227-

hereby eligible for retirement, do hereby state that I am retiring on __(some future date)__ and as of that date, I am abandoning and relinquishing said office and will no longer perform the duties of said office after that date.'

"Would this constitute abandonment of the office and enable said officer to be placed upon the retirement payroll on the following date, provided said date meets the retirement laws?"  (Brackets ours.)

Our answer to your first question is yes.  Article XVI, Section 17 of the Texas Constitution, provides that "all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified."  A district attorney is an officer of the State.  State v. Johnson, 12 Tex. 231 (1854); Lackey v. State, 190 S.W.2d 364 (Tex.Crim. 1945).  Article XVI, Section 62, subsection (a) of the Texas Constitution, which was adopted subsequently to Section 17 of the same Article, creates the Employees Retirement System of Texas.  Pursuant to this constitutional provision the Legislature enacted Article 6228a, Vernon's Civil Statutes, which establishes an administrative board, the qualifications for membership in the State's retirement system, and the method for applying for service retirement benefits.

We have previously held in Attorney General's Opinion M-627 (1970) that:

"In view of the express provisions of Section 1-a of Article V of the Constitution of Texas and Subdivision (a) of Section 2 of Article 6228b, it is our opinion that a judge who is eligible for retirement has the constitutional right to retire. Therefore, the provisions of Section 17 of Article XVI of the Constitution of Texas should not be construed so as to prevent a judge from retiring who is eligible for retirement if he desires to avail himself of the provisions of Section 1-a of Article V of the Constitution of Texas and the provisions of Article 6228b, Vernon's Civil Statutes (Judicial Retirement Act).

". . .

". . . A judge eligible for service retirement who makes application to retire on a date of

his choosing thereby fixes the date the office
is vacated, the date he is eligible to exercise
retirement options and the date he is to be
removed from the judicial payroll to be placed
on the following day on the retirement payroll."

Our opinion is that Article XVI, Section 17, Texas
Constitution, must be construed so as not to deny one who has a
right under Article XVI, Section 62, Subsection (a), Texas Consti-
tution, and the statutes enacted pursuant thereto, and who has
met the requirements contained therein, the opportunity to valid-
ly exercise that right.  To do so in this instance would be to
allow one other than the  retiree to determine the date of the
retiree's retirement, a determination that only the retiree may
make under Article 6228a, Vernon's Civil Statutes.

You are accordingly advised that under the facts sub-
mitted, the district attorney has the constitutional right to
make application to retire on a date of his choosing, thereby
fixing the date the office is vacated.  Article XVI, Section 17,
Constitution of Texas, requiring all officers to perform their
duties of office until their successor shall be duly qualified, is
therefore not applicable in this situation of retirement under
Article XVI, Section 17, Constitution of Texas, and must yield
thereto.  Consequently, no one may collect compensation for the
period of time the office became vacant and until the successor
qualifies.  In view of our answer to your first question it is
unnecessary to answer your second question.

### S U M M A R Y

A district attorney eligible for service
retirement who makes application to retire on
a date of his choosing thereby fixes the date
the office is vacated, and the date he is eli-
gible to execute retirement options and the
date he is to be removed from the payroll to
be placed on the following day on the retire-
ment payroll, even though his successor has
not qualified.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Hon. Robert S. Calvert, page 4      (M-1269)


Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bill Campbell
Roland Allen
Ben Harrison
Marietta Payne

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant