**Harry L. WASHBURN, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 72–3670

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

April 12, 1973.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

318 S.W.2d 627 (1958), cert. denied, 359 U.S. 965, 79 S.Ct. 876, 3 L.Ed.2d 834. He was then denied state habeas relief and that denial was affirmed. Ex parte Washburn, 383 S.W.2d 592 (Tex.Cr.App. 1965). Federal habeas relief involving the same contentions of error was then denied by the United States District Court for the Southern District of Texas, and later by the United States District Court for the Northern District of Texas. Additional grounds had been included in the habeas petition in the latter court, and the decision of the court was partially on the ground of failure to exhaust available state remedies.

Appellant then repaired to the state habeas court with new grounds, relief was denied, and that judgment was affirmed without written order. Washburn v. Beto, May 10, 1971. Appellant thereupon returned to the federal forum on the same grounds, relief was denied, and this appeal followed.

■ We are presented with two assignments of error by appellant through his counsel, the many other claims asserted in past litigation having apparently been abandoned. The first of these assignments is that the jury was exposed to the sight of a jar containing the flesh of the deceased, although the trial court ruled it inadmissible. There is no support whatever in the record that this exhibit was called to the attention of the jury. The record shows no more than that it was on the table of counsel at some point in the trial. This matter was thoroughly considered in the Texas Court of Criminal Appeals on the direct appeal. 318 S.W.2d at 635, 638. It is a recurring point in the subsequent habeas proceedings. As the Court of Criminal Appeals pointed out, p. 635, supra, there was a basis for the evidence even though the trial court ruled it inadmissible. We have carefully considered this claimed error and conclude that it is not a "federally reversible" error if error at all. Moore v. State of Illinois, 1972, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706.

■ The other assignment of error is that there was an illegal search of

James E. Maggard, Jr., Staff Counsel for Inmates, TDC, Ramsey Unit # 1, Rosharon, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, COLEMAN and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant, a Texas state prisoner serving life for murder with malice aforethought (killing by attaching dynamite to the automobile of the victim) complains of the denial to him of federal habeas relief.

The original conviction was appealed and reversed. Washburn v. Texas, 164 Tex.Cr.R. 448, 299 S.W.2d 706 (1957). His subsequent conviction was affirmed. Washburn v. Texas, 167 Tex.Cr.R. 125,

**280**

appellant's garage through which prejudicial evidence was uncovered. The product of this search was wire of the type used to wire the automobile in question. We are unable to find any basis in the record for this claim. Appellant raised this same claim in habeas corpus proceedings in the state court. He was given a full and fair opportunity to present evidence in support of it there, and he presented none. He proffers none here. That is the end of the matter.

Affirmed.