Robert Larry **HORNER**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 47580.**

Court of Criminal Appeals of Texas.

April 24, 1974.

Mark Pool, Greenville, for appellant.

Larry Miller, Dist. Atty., Greenville, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BILL J. CORNELIUS, Commissioner.

Appellant was convicted of murder with malice and assessed punishment at seventy-nine years confinement. The sufficiency of the evidence is not challenged.

The first ground of error urges that a mistrial should have been declared when the prosecuting attorney made the following comment in his jury summation at the guilt-innocence stage of the trial:

"Mr. Pool talks about, to you, everybody who testified in this case but his own client. He makes no reference to his actions out there on that night."

Appellant's motion for mistrial was denied.

For comments to be prejudicial error as constituting references to the accused's failure to testify, the inference that the accused's failure to testify is being referred to must be a necessary one. Richardson v. State, 172 Tex.Cr.R. 299, 356 S.W.2d 676; Lewis v. State, 155 Tex.Cr.R. 514, 236 S.W.2d 812. The comment complained of here does not fall into that category. In fact, it appears that the comment was referring to defense counsel's propensity to talk about what others did on the night of the murder and his failure to talk about

the appellant's *actions* " . . . out there on that night." Ground of Error Number One is overruled.

■ Appellant next asserts that the trial court should have declared a mistrial when the prosecuting attorney on voir dire examination of the jury panel made the following comment:

"There is one other thing that a jury cannot consider in its deliberations, and I want to briefly touch on that. At no time in the deliberations in the jury room can the twelve of you consider how many years a person will actually have to serve. This is something that should not—cannot come before the jury in the jury room. Whether it be one-fifth of the time assessed or whatever. I do want to make that point very—"

Objection to the comment was sustained and the Court at that time instructed the jury panel as follows:

"Judge of the court will give you written instructions as to what the law is, and what you can consider and what you cannot consider. I will instruct the panel not to interpret the State's remarks relative to one-fifth of anything, not to consider that, that there is going to be any term set and there is not going to be any finding of guilt—that that was merely an explanatory remark by the State with reference to its case."

Appellant's motion for a mistrial was denied.

Even if the quoted comment constituted error, the trial court's oral instruction and the written instruction on punishment which was given in the Court's charge were sufficient to cure any error. Bradley v. State, Tex.Cr.App., 489 S.W.2d 896; Lenzi v. State, Tex.Cr.App., 456 S.W.2d 99; Gray v. State, Tex.Cr.App., 477 S.W.2d 635. Ground of Error Number Two is overruled.

■ In his third ground of error, appellant contends he should have been allowed to put the witness Raymond Rodriguez on the stand in order that his refusal to testify on the grounds of self-incrimination (which refusal was known in advance by the defense, the prosecution and the Court) might be demonstrated to the jury. Appellant's argument in support of this contention is that Rodriguez, who was a co-defendant tried separately, " . . . should be brought in front of the jury so that the defendant can show that he refuses to answer questions concerning a confession in which he took the sole blame for the incident."

A hearing held out of the presence of the jury was conducted by the Court on appellant's request and Rodriguez refused to answer any questions except to give his name and address.

It appears that this exact question has not been decided, but this Court has repeatedly held that when it is known that self-incrimination will be claimed by a witness, it is prejudicial error for the *prosecution* to call that witness to the stand merely to force him to claim his privilege in the presence of the jury. Not only would such action be prejudicial because it might be taken by the jury as an incriminating fact against the defendant, but it also would tend to induce the jury to speculate on matters not in evidence and infer the existence of facts which could not be proved by the witness himself. Washburn v. State, 164 Tex.Cr.R. 448, 299 S.W.2d 706; Johnson v. State, 158 Tex.Cr.R. 6, 252 S.W. 2d 462; Rice v. State, 121 Tex.Cr.R. 68, 51 S.W.2d 364; Rice v. State, 123 Tex.Cr.R. 326, 59 S.W.2d 119; Garland v. State, 51 Tex.Cr.R. 643, 104 S.W. 898. The same reasons would compel the conclusion that the defense should likewise be precluded from taking such action.

Furthermore, this Court has recognized the general rule that when a witness, other than the accused, declines to answer a question on grounds of self-incrimination, his refusal alone cannot be made the basis of any inference by the jury, either favorable to the prosecution or favorable to the defendant. See Glasper v. State, Tex.Cr.

App., 486 S.W.2d 350. Therefore, we cannot see how appellant was harmed by the Court's action in this matter.

Ground of Error Number Three is overruled.

We find no reversible error and the judgment of the trial court is affirmed.

Opinion approved by the Court.