NUMBER
13-05-013-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS
CHRISTI B EDINBURG

 

 

JOHNNY R. PARCHMAN,                                                                Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

 

On appeal from the 94th District
Court

of Nueces County, Texas.

 

 

                                         MEMORANDUM
OPINION

 

     Before Chief Justice Valdez and
Justices Rodriguez and Castillo

Memorandum Opinion by Chief Justice Valdez








Appellant, Johnny
R. Parchman, was found guilty of first-degree murder and sentenced to
thirty-five years= imprisonment in the Institutional Division of the
Texas Department of Criminal Justice, and fined $10,000.  On appeal, appellant argues the
following:  (1) the trial court erred in
denying appellant=s motion for mistrial based upon the prosecutor=s prejudicial misconduct, and (2) the trial court
abused its discretion in excluding evidence impeaching the State=s chief witness. 
We affirm.   

I. BACKGROUND

On July 3, 1996,
the body of David Traeger was found bound and floating face-up in Corpus
Christi Bay.  Pursuant to an autopsy, the
cause of death was determined to be blunt force head trauma.  Traeger=s vehicle was identified and stopped on July 4,
1996; the driver, Ralph Muniz, was arrested and the vehicle was impounded as
evidence.  Fingerprints recovered from
the exterior of the truck matched those of appellant and Cecil Wayne
Turner.  Turner testified that during an
argument aboard a boat, appellant struck Traeger on the back of his head with a
baseball bat multiple times; subsequently, Turner and appellant weighed Traeger
down with over sixty pounds of chains and weights before throwing him
overboard.  Testimony from two other
witnesses corroborated Turner=s testimony.  

II.  PROSECUTORIAL MISCONDUCT 

By his first
issue, appellant argues that the trial court erred in denying his motion for
mistrial based upon the prosecutor=s prejudicial misconduct.  Appellant contends that a prosecution
witness, Ralph Muniz, was purposefully called to invoke the Fifth Amendment in
the jury=s presence, prejudicially planting in the jury=s mind details of how the State claimed the crime
was committed.   








We review a trial
court's denial of a motion for mistrial for abuse of discretion.  Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999).  A mistrial is only
required if the impropriety is clearly calculated to inflame the minds of the
jury and is of such a character as to suggest the impossibility of withdrawing
the impression produced on the minds of the jury.  Hinojosa v. State, 4 S.W.3d 240, 253
(Tex. Crim. App. 1999).

In addressing
appellant's claim of prosecutorial misconduct, we note that claims of
prosecutorial misconduct are determined on a case‑by‑case basis.  See Stahl v. State, 749 S.W.2d 826, 830‑31
(Tex. Crim. App. 1988).  Prosecutorial
misconduct has been found where the prosecutor's actions deliberately violated
an express court order and where the prosecutor's misconduct was so blatant as
to border on being contumacious.  Stahl,
749 S.W.2d at 831 (citing Landry v. State, 706 S.W.2d 105, 111 (Tex.
Crim. App. 1985)).  It is error for the
State to call a witness to the stand whom it knows will claim a valid Fifth
Amendment privilege.  See Coffey v.
State, 796 S.W.2d 175, 177 n.4 (Tex. Crim. App. 1990); Washburn v. State,
299 S.W.2d 706, 709 (Tex. Crim. App. 1957). 









Immediately after
being sworn in as a witness, Muniz asked to address the trial court at which
time he invoked the Fifth Amendment in front of the jury.  The State claims it did not know that Muniz
intended to invoke the Fifth Amendment. 
Outside the presence of the jury, Muniz told the trial court that he had
informed law enforcement agents and the district attorney=s office that he could not testify.  The prosecutor stated that she had spoken to
Muniz the week before and Muniz did tell her he did not want to testify;
however, at no time did Muniz say he wanted to invoke his Fifth Amendment right
against self-incrimination.  The trial
court responded that upon hearing a witness say that he did not want to
testify, the next logical question is the following:  AAre you saying you don=t want
to testify?  Are you going to assert your
Fifth Amendment right not to testify?@ 
Nevertheless, the trial court ruled that the State did not intentionally
call Muniz to the stand knowing he would invoke the Fifth Amendment. 

Appellant argues
this constitutes reversible error. 
However, even assuming error on the part of the State, the record does
not establish harm.  See Tex. R. App. P. 44.2; Tex. R. Evid. 103(d).  If the appellate record in a criminal case
reveals constitutional error that is subject to harmless error review, the
court of appeals must reverse a judgment of conviction or punishment unless the
court determines beyond a reasonable doubt that the error did not contribute to
the conviction or punishment.  Tex. R. App. P. 44.2(a).  Any other error, defect, irregularity, or
variance that does not affect substantial rights must be disregarded.  Id. 44.2(b).  

It is apparent
from the record that no harm was committed: 
(1) Muniz was not asked any fact-laden questions that may have
prejudiced appellant or himself, (2) the prosecutor did not comment on Muniz
pleading the Fifth, and (3) the testimony Muniz would have offered in regard to
the truck he acquired from appellant was offered by appellant later in the
proceeding.  See Canales v. State,
98 S.W.3d 690, 695 (Tex. Crim. App. 2003); Perez v. State, 41 S.W.3d
712, 719-20 (Tex. App.BCorpus Christi 2001, no pet.).  We conclude no harm was committed.  See Tex.
R. App. P. 44.2.  We overrule
appellant=s first issue.  

III.  FALSE IMPRESSION








By his second
issue, appellant argues the trial court abused its discretion in excluding
evidence impeaching the State=s chief witness. 
Appellant contends that the trial court excluded impeachment evidence of
an uncharged allegation of a sex offense by Cecil Wayne Turner, who left a
false impression as to his prior trouble with the police.  Furthermore, appellant argues that the error
had a substantial and injurious influence on the jury=s verdict.

A trial court has
considerable discretion in determining whether to exclude or admit
evidence.  See Montgomery v. State,
810 S.W.2d 372, 379 (Tex. Crim. App. 1991) (en banc).  An abuse of discretion is shown only where
the trial court's decision was made without reference to any guiding rules or
principles or, in other words, if the decision was arbitrary or unreasonable.  Id. at 380.  Even if this Court would have reached a
different result, we will not intervene as long as the trial court's ruling is
within the "zone of reasonable disagreement."  Id. at 391 (op. on reh'g).  Exclusion of evidence does not result in
reversible error unless the exclusion affects a substantial right of the
accused.  See Tex. R. App. P. 44.2(b).








Under Texas Rule
of Evidence 609, evidence that a witness has been convicted of a crime shall be
admitted for the purpose of attacking the credibility of the witness.  See Tex.
R. Evid. 609(a).  Specific
instances of the conduct of a witness, for the purpose of attacking or
supporting the witness= credibility, other than conviction of crime as
provided in rule 609, may not be inquired into on cross-examination of the
witness nor proved by extrinsic evidence. 
Id. 608(b).  An exception
to the general rule applies when a witness makes false statements concerning
his past conduct that suggest he has never been arrested, charged, or convicted
of any offense.  Delk v. State,
855 S.W.2d 700, 704 (Tex. Crim. App. 1993); Lewis v. State, 933 S.W.2d
172, 177 (Tex. App.BCorpus Christi 1996, pet. ref=d).  Where the
witness creates a false impression of his past conduct, he "opens the
door" on his otherwise irrelevant criminal history, and opposing counsel
may expose the falsehood.  Delk,
855 S.W.2d at 704.  Considering the
applicability of the false impression exception to the general prohibition
against the introduction of extraneous offenses, the Court focuses first on the
defendant=s answer in relation to the question asked, and whether
or not it is responsive.  Id. at
704-05; Lewis, 933 S.W.2d at 178. 
Second, the Court examines how broadly the question that is asked can be
interpreted, focusing on the intonation of the question, and its relation to
the major substantive issue in the trial. 
Delk, 855 S.W.2d at 704-05; Lewis, 933 S.W.2d at 178.  

On redirect
examination, Turner testified that he Ahad an actual good life going@ before he was apprehended in connection with the
crime.  On recross-examination, appellant=s counsel addressed Turner=s prior convictions for the unauthorized use of a
motor vehicle and drug possession. 
Turner acknowledged both convictions. 
Immediately after Turner 
responded in the affirmative to a question regarding his getting Aprison time for drugs,@
counsel then asked Turner if that was his Aidea of getting on with his life?@  Turner
testified that he did fall back into drugs, but that he had successfully
completed a drug offenders= boot camp and was Aout
doing great@ before he was implicated in this case.  Appellant argues that Turner=s testimony as to Adoing
great@ creates a false impression of his past conduct;
therefore, the door is open to address a lewd molestation charge from 2003 that
Turner was suspected of committing, but never charged with or convicted of. 








The trial court=s decision to exclude evidence pertaining to the
offense for which Turner was never charged was well within its discretion.  See Montgomery, 810 S.W.2d at
379.  Turner did not refute the fact he
had been convicted in the past, nor did he suggest he had never been arrested,
charged, or convicted of any offense.  See
Delk, 855 S.W.2d at 704; Lewis, 933 S.W.2d at 177.  Furthermore, based on Turner=s response as to Adoing
great,@ it is obvious that it related to his successful
drug rehabilitation, and nothing further. 
See Delk, 855 S.W.2d at 704-05; Lewis, 933 S.W.2d at
178.  We conclude Turner did not create a
false impression of his past conduct; therefore, he did not Aopen the door@ as to his otherwise irrelevant criminal
history.  See Delk, 855 S.W.2d at
704.  We overrule appellant=s second issue.  


IV.  CONCLUSION

The judgment of the trial court
is affirmed.

 

 

 

____________________________

ROGELIO VALDEZ

Chief Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered 

and filed this 20th day of April, 2006.