**Albert Level HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–320–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 31, 1985.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough, Clay Rawlings, Harris County Asst. Dist. Attys., Houston, for appellee.

Before JACK SMITH, LEVY and BASS, JJ.

## OPINION

BASS, Justice.

The appellant, Albert Level Hall, was found guilty of aggravated robbery and sentenced to 25 years confinement in the Department of Corrections.

We affirm.

On October 23, 1983, at two o'clock in the morning, Ulysses Young, manager of a Pizza Hut, left the restaurant to make a night deposit. As he was driving down Homestead Road, he was bumped from the rear by another vehicle. After he was bumped a second time, Young stopped and got out of his car. He was approached by two men

who both pulled pistols and robbed him of the night deposits, his wallet, and brief case. He was then told to start walking down the road, and the robbers then drove away. Immediately after the robbers left, Young noticed a Harris County Deputy Sheriff driving a patrol car. He flagged the officer down and reported that he had just been robbed by some people in a brown Pontiac. The deputy had seen the brown Pontiac speed away, and he gave chase. The chase was soon joined by a patrol car from the Houston Police Department. After the appellant's vehicle blew a tire, the two men were apprehended with two pistols, the night deposits, and the Pizza Hut's bank deposit slip. Appellant and his co-defendant were taken into custody and later indicted for aggravated robbery.

We first consider the state's contention that we lack jurisdiction to hear the appeal.

The appellant was convicted and sentenced on May 16, 1984, and on that same day his attorney of record gave notice of appeal and filed a pauper's oath requesting appointment of counsel, as well as a request for a free statement of facts. After the trial court appointed the trial counsel for appellant's appeal, the appellant, without notice to his counsel, executed a pro se motion in arrest of judgment. The motion was not acted upon, and was therefore overruled by operation of law on July 30, 1984. Tex.Code Crim.P.Ann. art. 41.02 (Vernon Supp.1985). There is no notice of appeal filed after July 30, 1984.

The state contends that this court lacks jurisdiction to hear the appeal because appellant's only notice of appeal was premature. However, we hold that the pro se motion was not duly and properly presented for the trial court's action, because it was filed by the appellant while he was being represented by appointed counsel. An appellant is not entitled to hybrid representation in a criminal cause of action. See Landers v. State, 550 S.W.2d 272 (Tex. Crim.App.1977); Sanders v. State, 657 S.W.2d 817 (Tex.App.—Houston [1st Dist.] 1983, no pet.). We hold, therefore, that the motion was not properly before the court, and that we have jurisdiction to hear the appeal.

In appellant's first ground of error, he complains that the trial court erred in failing to charge the jury on the lesser included offense of robbery. In determining whether a charge on a lesser included offense is required, a two-step analysis is used: first, the lesser included offense must be included within the offense charged; second, there must be some evidence in the record that, if the defendant is guilty, he is guilty of only the lesser offense. Royster v. State, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (op. on reh'g). Moreover, an instruction on a lesser included offense is proper only where the greater offense requires the jury to find a disputed factual element that is not required in the lesser offense. McKinney v. State, 615 S.W.2d 223, 224 (Tex.Crim.App.1981). In determining whether evidence has been presented which raises the issue of a lesser included offense, this court must consider all the evidence presented at trial. Lugo v. State, 667 S.W.2d 144 (Tex.Crim.App.1984).

Hall contends that his testimony necessitated a charge on robbery. However, in reviewing the appellant's testimony, we find that he does not admit to robbery, but claims that he was selling marihuana to Young, and that the money the police found on him was the proceeds from that sale. He further stated that the first time he had knowledge of the pistol found in the rear of his car or the one by his right rear tire was when the arresting officer showed them to him. It is this testimony that appellant claims negated the use or exhibition of a deadly weapon and required that a charge of robbery be submitted to the jury. This testimony does not raise a disputed factual element that would entitle Hall to a charge on the lesser included offense of robbery. Hall was not contending that he and his co-defendant robbed Young without using a gun, but that he was involved in a drug transaction. Hall's testimony does not show that he was guilty of only rob-

bery. Appellant's first ground of error is overruled.

■ In his second, third, and fourth grounds of error, appellant contends that the trial court erred in failing to grant his motion for mistrial when the prosecutor asked him an improper question. The appellant, on direct examination by the defense counsel, had testified only concerning his selling of marihuana. Upon cross-examination, the prosecutor asked the appellant several questions.

[Second Ground]

Q. Are you and Mr. Russell in the business of dealing and selling marijuana?

A. Yes, sir.

Q. That was kind of a business partnership between the two of you?

A. Yes, sir.

Q. Do you know where Mr. Russell is right now?

A. He is at TDC.

Q. Do you understand what he is convicted of.

A. Yes.

Q. What is he convicted of?

[Defense Counsel]: I object, Your Honor. It's hearsay and irrelevant.

THE COURT: Sustained.

[Defense Counsel]: I move that the jury be instructed to disregard it.

THE COURT: Don't consider that last question for any purpose.

[Defense Counsel]: I move for a mistrial.

THE COURT: Overruled.

[Third Ground]

Q. Do you understand that Randy never said anything about a sale of marijuana going on in this transaction?

[Defense Counsel]: Your Honor, I object to this last statement, the Prosecutor is testifying to facts outside the record.

[Prosecutor]: Your Honor, I am asking him if he knows.

THE COURT: That will be overruled.

THE WITNESS: I don't know.

[Fourth Ground]

Q. Were you in court the day that Mr. Russell testified as to what happened out there?

A. No sir.

Q. Would it surprise you if he said that you were the one that pulled the gun?

[Defense Counsel]: I object again, Your Honor.

THE COURT: Sustained.

[Defense Counsel]: I ask that the jury be instructed to disregard the last statement.

THE COURT: Don't consider for any purpose.

[Defense Counsel]: It is outside the record and it is hearsay and the Prosecutor's testifying and we move a mistrial.

THE COURT: It's overruled.

We disagree with appellant's contention that the above line of questioning was improper and prejudicial and that it effectively denied him a fair trial. The prosecutor's questions were an attempt to impeach the appellant's testimony. The appellant had testified that a drug transaction had occurred, and that, until the police had showed him the two guns, he had no knowledge of them. Young, however, testified that he saw a gun in the hands of Hall. It was on that line of testimony that the prosecutor cross-examined.

■ Moreover, except in extreme cases, an instruction to disregard will generally cure error. *Seaton v. State,* 564 S.W.2d 721, 725 (Tex.Crim.App.1978). This is not an extreme case. The record shows that the police never lost sight of the appellant and his co-defendant and that they were apprehended after a high speed chase. The police found a Pizza Hut bank deposit slip on the floor of appellant's car. They also found the $1,100 that Young was depositing for the restaurant. Moreover, two guns were found at the scene. From reviewing the entire record before us, we conclude that any harmful effect of the prosecutor's statement was cured by the trial court's instruction to the jury to disregard. *See Davis v. State,* 645 S.W.2d 817 (Tex.Crim.App.1983). Appellant's second,

third, and fourth grounds of error are overruled.

■■■■ In appellant's last argument, he complains the prosecutor's jury argument was improper, specifically with respect to the following language:

I want you to think about something. Why would Tony Young say anything to that deputy if it didn't happen that way? Counsel gets up there and says, don't you know a black man is going to get messed around at 2:30 in the morning. This is 1984. It offends me to hear that racial garbage slung around time and time again.

[Defense Counsel]: Your Honor, I object to the prosecutor striking at the Defendant over the shoulder of the Defense counsel.

[PROSECUTOR]: Your Honor, it's final argument.

[DEFENSE COUNSEL]: I ask the jury be instructed to disregard.

THE COURT: Overruled. *You won't consider it for any purpose.*

[DEFENSE COUNSEL]: Move for a mistrial, Your Honor.

THE COURT: Overruled.

In order to constitute reversible error, a jury argument must be extreme, manifestly improper, or inject new and harmful facts into evidence in light of the record as a whole. *Kerns v. State,* 550 S.W.2d 91, 96 (Tex.Crim.App.1977). We view the argument as the prosecutor's attempt to answer opposing counsel's argument, and although improper, it was not so extreme or manifestly improper as to require reversal. Appellant's fifth ground of error is overruled.

The judgment is affirmed.

LEVY, Justice, dissenting.

I respectfully dissent.

Where a prosecutor deliberately pollutes the factfinding process by questions which he knows are improper, seeking to elicit evidence that he knows is inadmissible, an appellate court should carefully, if not meticulously, scrutinize the record to see that

the harm thereby inflicted on the accused is not of reversible dimensions.

Specific objections were timely made by defense counsel in the case at bar, and the issue of prosecutorial misconduct is squarely before this court, as disclosed by the quotations from the trial in the majority opinion. Two instances that are especially grievous—but not exclusive—are as follows:

(1) Q: Were you in court the day that Mr. Russell testified as to what happened out there?

A: No, sir.

Q: Would it surprise you if he said that you were the one that pulled the gun?

MR. DOWELL: I object again, Your Honor.

THE COURT: Sustained.

MR. DOWELL: I ask that the jury be instructed to disregard the last statement.

THE COURT: Don't consider it for any purpose.

MR. DOWELL: It is outside the record and it is hearsay and the prosecutor is testifying and we move for a mistrial.

THE COURT: It's overruled.

(2) Q: Do you understand that Randy never said anything about a sale of marijuana going on in this transaction?

MR. DOWELL: Your Honor, I object to this last statement. The prosecutor is testifying to facts outside the record.

MR. RAWLINGS: Your Honor, I am asking him if he knows.

THE COURT: That will be overruled.

THE WITNESS: I don't know.

This mode of interrogation, calculated to suggest—impermissibly, if not falsely—to the jury that events about which the prosecutor inquired had actually occurred, to the discredit of the accused, has been thoroughly and consistently condemned by the Court of Criminal Appeals. See *Washburn*

v. State, 299 S.W.2d 706, 708 (Tex.Crim. App.1956), and the cases cited therein.

It is almost a platitude to observe that the *primary* function of the prosecutor, as an officer of the State, is not to win a case, but to see that justice is done. *See Taylor v. State*, 653 S.W.2d 295, 302 (Tex.Crim. App.1983); *Lackey v. State*, 148 Tex.Crim. 623, 624, 190 S.W.2d 364, 365 (1945); *Short v. State*, 79 Tex.Crim. 426, 187 S.W. 955 (1916). All prosecutors may take comfort in the sure knowledge that the State wins its point, not necessarily when the prosecution triumphs, but when justice is done in the courts. This distinction is sometimes crucial.

I cannot safely say that the cumulative misconduct of the prosecutor was harmless to the appellant or that deterrence of such misconduct will likely result from its passive acceptance by this court.

I would sustain the appellant's second, third, and fourth grounds of error, reverse the judgment of the trial court, and remand for a new trial.