**Shawn Gregory LLANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–99–00852–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 20, 2000.

Rebecca Stewart Coulson, Houston, for appellant.

Calvin Hartmann, John B. Holmes, Houston, for State.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.[1]

## OPINION

MICHOL O'CONNOR, Justice.

Shawn Gregory Llano, the appellant, pled guilty, with an agreed recommendation on punishment, to possession of less than one gram of cocaine. The appellant was sentenced to eight months confinement. In a single point of error, the appellant asserts the trial court erred by not holding a hearing on various pro se pleadings that he contends were motions for new trial. We affirm.

### Background

On June 9, 1999, the trial court signed the judgment on the appellant's guilty plea. On July 7, 1999, the appellant filed a hand-printed pro se "Notice of Appeal," in which he claimed his conviction was unjust and prayed for "his conviction to be appealed so that justice be served."

On the same day, he filed a typed pro se "Amended Motion to Appeal," in which he claimed he would show that he was unaware of the consequences of his plea, he was mislead or harmed by the trial court's admonishments, his attorney "did not put

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

# 198

him in as favorable light as possible," and he feared a backlash if he did not plead guilty. He ended by stating, "Plaintiff denies this conviction and appeals his sentence. Plaintiff prays for a hearing on this Appeal to be set without prejudice." Attached to the motion was a list of witnesses, the purpose of which is unclear.

On July 20, 1999, the appellant filed a pro se "Second Amended Motion to Appeal," in which he expanded on his motion of July 7. He again prayed for a "hearing on his Appeal to be set without prejudice and that Justice be served."

No hearing was held to consider the pleadings, and the trial court did not rule on the pleadings.

## Discussion

 The State contends the appellant's pleadings were notices of appeal and not motions for new trial.[2] We note that the appellant included in the pleadings a request for a hearing on his assertions that his plea was not voluntary. Therefore, although titled as notices of appeal, it is reasonable to construe the substance of the pleadings as a request for a new trial. Accordingly, we consider whether the trial court erred by not holding a hearing on the appellant's pro se motion for new trial.

■ The appellant was represented by retained trial counsel when he filed the July 7 pleadings. The appellant was represented by appointed appellate counsel when he filed the July 20 pleading. Because the appellant was represented by counsel, the trial court was not required to consider the pro se pleadings. *See Busselman v. State*, 713 S.W.2d 711, 714 (Tex. App.—Houston [1st Dist.] 1986, no pet.) (once defendant retained an attorney, the

trial court was entitled to look solely to the attorney); *see also Hall v. State*, 685 S.W.2d 435, 437 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd) (after trial court appointed appellate counsel, the defendant, without notice to his counsel, executed a pro se motion in arrest of judgment; the motion was not acted upon and overruled by operation of law; holding that the pro se motion was not duly and properly presented for trial court's consideration because it was filed by the defendant while he was represented by appointed counsel). Therefore, we hold that the trial court did not err in not considering the appellant's pro se motion for new trial.

We affirm the trial court's judgment.

---

2. The appellant's pro se notices of appeal actually served two purposes. They gave notice of appeal and they included grounds for a new trial. Because the pro se notices of appeal did not comply with Texas Rule of Appellate Procedure 25.2(b)(3), on August 26, 1999, this Court ordered the appellant to file an amended notice of appeal. An amended

notice of appeal was filed by appellate counsel, which complied with Rule 25.2(b)(3), and stated that the appellant intended "to appeal ... as set out in his pro se notice of appeal and amended pro se notice of appeal, attached hereto for the Court's consideration." Thus, the errors in the pro se notices of appeal were corrected.