Opinion issued on February 5, 2004.

     











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00011-CR




VICTOR JOEL MORALES-ESQUIVEL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 906719




MEMORANDUM OPINION
          Appellant, Victor Joel Morales-Esquivel, pleaded guilty to the offense of
possession with intent to deliver cocaine weighing at least 400 grams, and the trial
court sentenced him to 50 years confinement and a $100,000 fine. In his sole point
of error, appellant contends that the trial court erred in failing to “hold an evidentiary
hearing after receiving appellant’s motions, which should have been construed as a
motion for new trial with supporting affidavit even though it was not titled as such.” 
We affirm.
          Appellant’s appointed counsel filed a brief stating that, in his opinion, the
appeal was frivolous. The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and stating why there are no arguable grounds for error on appeal. See Gainous v.
State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant filed a pro se brief. 
Background
          Appellant filed a “Motion to With draw [sic] Plea [sic] Guilty,” in which he
contended that: (1) the State agreed to a 15-year plea bargain, but he received a
sentence of 50 years and (2) his plea was involuntary because he does not speak
English and his attorney misled him. The trial court denied appellant’s motion. 
Appellant then filed a “Notice of Appeal Guilty Plea,” contending that: (1) he does
not understand English, (2) his attorney advised him that the plea consisted of 15
years, and (3) his plea was involuntary. The trial court did not rule on the “notice of
appeal.” 
Construing a Motion
          Appellant argues that the trial court erred in failing to hold a hearing upon his
motion to withdraw plea and his notice of appeal because the trial court should have
construed them as motions for new trial, even though they were not titled as such.          Our review of appellant’s motion and notice does not reveal that their
substance differs from their titles. Further, neither the motion nor the notice requests
a hearing on appellant’s assertions. Cf. Llano v. State, 16 S.W.3d 197, 198 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d) (construing the substance of pro se
motions as a motion for new trial because they contained requests for hearings on
assertions that appellant’s plea was not voluntary). Thus, we hold that the trial court
did not err by not construing appellant’s motion to withdraw guilty plea and notice
of appeal as motions for new trial.



           We overrule appellant’s sole point of error.

                                                   Conclusion
           We affirm the judgment of the trial court.
          We grant appellate counsel’s motion to withdraw. See Moore v. State, 466
S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); Stephens v. State, 35 S.W.3d 770, 771
(Tex. App.—Houston [1st Dist.] 2000, no pet.). 
 
                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Jennings, and Hanks.
Do not publish. Tex. R. App. P. 47.4.