Opinion filed July 11, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00130-CR

_____

## TORY LEVON KIRK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-0962440-L**

### M E M O R A N D U M   O P I N I O N

Tory Levon Kirk, Appellant, has filed in this court a motion to dismiss for lack of jurisdiction based upon the trial court's order granting a new trial on punishment and upon the invalidity of the trial court's subsequent amended order. We grant Appellant's motion and dismiss the appeal.

The trial court revoked Appellant's community supervision, adjudicated him guilty of the offense of aggravated robbery with a deadly weapon, and assessed his

punishment at confinement for eight years. Appellant's sentence was imposed in open court on March 7, 2013, and Appellant timely filed a notice of appeal on March 25. On March 20, Appellant filed a "Motion for Commutation of Sentence" in which he requested that the trial court grant "a Time Cut" and a new sentence of zero years.[1] On May 17, 2013, upon considering Appellant's motion, the trial court entered an order granting a new trial on punishment. On May 20, the State filed a motion to reconsider and rescind the order granting a new trial on punishment. The State urged the trial court to immediately consider its motion and act upon it "no later than tomorrow, May 21, 2013 (the 75th day after March 7)." Upon considering the State's motion, the trial court concluded that it should not have treated Appellant's motion as invoking the trial court's jurisdiction to grant a new trial and that it should have denied Appellant's motion. In an order entitled "Amended Order on Defendant's Motion for Commutation of Sentence," the trial court ruled that its May 17 order granting a new trial on punishment "is accordingly hereby set aside or declared a nullity and shall have no effect upon the validity or enforceability of the judgment entered on March 7, 2013." The amended order was signed on May 22, 2013—seventy-six days after the imposition of sentence.

On May 22 when it signed the amended order, the trial court had no authority to enter the order. *See Cavet v. State*, No. 05-09-00626-CR, 2009 WL 3838869, at *1 (Tex. App.—Dallas Nov. 18, 2009, no pet.) (mem. op., not designated for publication). Pursuant to TEX. R. APP. P. 21.8(a), a trial court "must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court." During that 75-day period, a trial court may freely rescind an order granting or denying a motion for new trial. *Awadelkariem v. State*, 974

---

[1]We note that Appellant also filed a very similar motion the next day.

S.W.2d 721, 728 (Tex. Crim. App. 1998). However, when the 75-day period expires, an order granting or denying a new trial becomes "final." *Id.*

We note that the State has not filed a response in this court to Appellant's motion to dismiss. However, in its motion to reconsider/rescind that was filed in the trial court, the State urged that the order granting a new trial was void and made various arguments, including two jurisdictional ones. The State asserted that the trial court had no jurisdiction to enter the order granting a new trial because (1) Appellant had filed a notice of appeal and (2) Appellant's motion for commutation did not constitute a motion for new trial. If Appellant's motion for commutation was not effectively a motion for new trial, the trial court would have lost its plenary power in this case thirty days after sentencing—before it entered the order granting a new trial.

We disagree with both of the State's jurisdictional arguments. First, even after a notice of appeal has been filed, a trial court retains jurisdiction to act on a motion for new trial for seventy-five days after the date of sentencing. *See* TEX. R. APP. P. 21.8, 25.2(g); *see also Burnell v. State*, No. 01-10-00214-CR, 2012 WL 29200, at *3 (Tex. App.—Houston [1st Dist.] Jan. 5, 2012, pet. ref'd) (mem. op., not designated for publication); *Meineke v. State*, 171 S.W.3d 551, 558 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Second, Appellant's motion for commutation was the functional equivalent of a motion for new trial. *See State v. Davis*, 349 S.W.3d 535 (Tex. Crim. App. 2011) (where the defendant's motion for reconsideration or reduction of sentence was treated as a motion for new trial); *Llano v. State*, 16 S.W.3d 197, 198 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (holding that, "although titled as notices of appeal, it is reasonable to construe the substance of the pleadings [in which the defendant requested a hearing on his assertions that his plea was not voluntary] as a request for a new trial"). In his motion for commutation, Appellant requested a new sentence and asserted

among other things that his trial counsel failed to file motions, that the evidence on the motion to revoke did not match and was insufficient, and that the range of punishment was not proper. Appellant's motion for commutation could, therefore, have been properly considered as a motion for new trial. *See* TEX. R. APP. P. 21. The filing of the motion for commutation within thirty days of sentencing extended the trial court's plenary power, and the trial court had plenary power at the time it signed the order granting a new trial on punishment. *See* TEX. R. APP. P. 21.4, 21.8; *see also* TEX. R. APP. P. 21.1(b), 21.9(a).

Because the trial court did not have jurisdiction on May 22, the amended order entered that day is void. *See Cavet*, 2009 WL 3838869, at *1. However, the trial court did have jurisdiction on May 17 when it signed the order granting a new trial on punishment, and that order became final on Tuesday, May 21, 2013—the 75th day after Appellant was sentenced. *See id.* The granting of a new trial on punishment "restores the case to its position after the defendant was found guilty." TEX. R. APP. P. 21.9(c). Consequently, no final, appealable judgment remains over which this court has jurisdiction. *Jackson v. State*, No. 05-09-00487-CR, 2010 WL 2598919, at *3 (Tex. App.—Dallas June 30, 2010, no pet.) (not designated for publication); *Norris v. State*, No. 2-10-014-CR, 2010 WL 1854138 (Tex. App.—Fort Worth May 6, 2010, no pet.) (mem. op., not designated for publication).

Accordingly, we grant Appellant's motion to dismiss for lack of jurisdiction, and we dismiss this appeal for want of jurisdiction.

PER CURIAM

July 11, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4